IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL ANUTA, et al().
    Plaintiffs

v().       CIVIL NO. L-00-1726

CAROL S. PARHAM, et al().
    Defendants

: : : : : : : : : : :

<u>ORDER</u>

    Now pending is Defendants' Motion to Dismiss Counts III and IV of the Complaint.  For the reasons stated herein, the motion is hereby GRANTED.  The case will proceed to discovery on Counts I and II.

    This is an IDEA case.  In Counts I and II, Michael and Jean Hoffman Anuta sue to recover the costs they incurred in enrolling their son, Michael, in a private school after the Anne Arundel County Public Schools ("AACPS") allegedly failed to provide Michael with a free appropriate public education.  The defendants are (i) Carol S. Parham, the Superintendent of the AACPS, and (ii) the Anne Arundel County Board of Education.  Collectively, the Defendants are referred to herein as "AACPS."

    In Counts III and IV, the Anutas allege that the Defendants violated their due process rights by failing to provide them with a hearing before an impartial and competent administrative hearing officer.  In specific, the Plaintiffs contend that (i) Administrative Law Judge Neile Friedman was biased against

Plaintiff's attorney, Michael J. Eig; (ii) that this bias affected Judge Friedman's decisions; and (iii) that Judge Friedman should have recused herself.

In support of their contention that Judge Friedman was biased, the Anutas point to a letter of September 1999 that Mr. Eig received from the Office of Administrative Hearings ("OAH") in connection with a different case.[1]  In that case, Mr. Eig represented a different client against a different school system.  Mr. Eig had complained to the OAH that Judge Friedman's behavior towards him was abrupt, erratic, and displayed partiality towards the opposing party, the Montgomery County School System.

The OAH, per Suzanne Fox, the Director of Quality Assurance, listened to the tape recording of the hearing and concluded that Judge Friedman "...did overstep the bounds of appropriate judicial behavior."[2]  Apparently, Judge Friedman lost her temper with Mr. Eig.  Based on her review of the tape, Ms. Fox "...did not find that [Mr. Eig's] style of advocacy warranted any admonition from the bench."

Although Ms. Fox apologized to Mr. Eig, she found that: (i) Judge Friedman has been an excellent ALJ for several years; (ii) that her decision in the case under review was grounded on the

---

[1] (R.C. v. Montgomery County Schools)

[2] Letter of September 28, 1999, attached as Exhibit A to Defendants' Reply Memorandum.

evidence and a proper interpretation of the law; and, (iii) there was no evidence of bias.

Apart from the letter, the Anutas argue that the ALJ's erroneous and arbitrary rulings in the instant case demonstrate that her bias against Mr. Eig affected her decisions on the merits. Thus, the Anutas argue, they have been deprived a fair and impartial hearing.

There are a number of problems with Counts III and IV. Not the least of these is that ALJs are officials of the State of Maryland and not of the Counties. Thus, the AACPS was merely a litigant in a case over which ALJ Friedman presided. It begs the question: How can a litigant be liable for the failure of the judge to provide the litigant's adversary with a fair hearing?

The Anutas concede that Defendants, as the local school system, are not responsible for the selection and training of ALJs. Nonetheless, Plaintiffs contend that Defendants should have joined in their request to recuse ALJ Friedman. They argue that, "... despite the obvious impropriety and the near certainty of a biased decision, defendants opposed the Anutas' request for recusal." By resisting the Anutas' efforts to disqualify Judge Friedman, "the school system took shared responsibility for the consequences of her biased decision." (Pls.' Mem. in Opp'n at 7.) The Anutas cite no authority for this remarkable argument.

3

Other defects in the theory behind Counts III and IV include the following:

- The Anutas' allegations of bias stem from an administrative hearing that took place not between the Anutas and the AACPS, but instead between a different school system and a different family.
- If Mr. Eig believes that Judge Friedman is biased or unfit, he can file a judicial complaint with the State of Maryland. This Court is not willing to re-litigate his earlier administrative case against Montgomery County to determine whether Judge Friedman's decisions were correct or not.
- A judge's alleged irritation with a litigant's attorney does not constitute bias towards a party and is not a proper ground for a judge's disqualification. *United States v. DeLuca*, 692 F.2d 1277 (9th Cir. 1982).
- Judge Friedman has ruled for Mr. Eig's clients in other IDEA cases.
- The Anuta administrative hearing was spread out over four days, during which eight witnesses testified and fifty-seven exhibits were received. If Judge Friedman had recused herself, then another ALJ would be required to repeat the hearing. Thus, the AACPS' opposition to a recusal motion was reasonable. While Mr. Eig may criticize Judge Friedman's decision not to allow additional evidence, the

law allows her latitude to make that decision. Accordingly, her ruling cannot be characterized as irrational or outside her authority.

- The Anutas have not alleged that ALJ Friedman was biased in the sense that she had a stake in the outcome of their case or that she was corrupt. At most they have shown an episode during which Judge Friedman was exasperated with their attorney, Mr. Eig.

Accordingly, it is hereby ORDERED that Counts III and IV of the Complaint are dismissed. The Court will issue a separate scheduling order and the parties shall proceed to discovery on Counts I and II.

It is so ORDERED this 26th day of February, 2001.

/s/ Benson Everett Legg
Benson Everett Legg
United States District Judge