

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL ANUTA, et al. | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | CIVIL NO. L-00-1726 |
| | * | |
| CAROL S. PARHAM, et al. | * | |
| Defendants | * | |
| | ***** | |

## MEMORANDUM

Now pending before the Court are cross-motions for summary judgment on the remaining

counts, I and II, of the Complaint. Because the motion has been fully briefed, no hearing is

necessary. See Local Rule 105.6. For the reasons stated below, the Court will, by separate

order, GRANT Defendants' Motion for Summary Judgment and DENY Plaintiffs' Motion for

Summary Judgment.

## BACKGROUND

This is an Individuals with Disabilities Education Act ("IDEA") case. Plaintiffs, Michael

and Jean Hoffman Anuta brought suit against Carol S. Parham, the Superintendent of the Anne

Arundel County Public Schools, and the Anne Arundel County Board of Education (collectively

referred to herein as "AACPS"). Plaintiffs' son, Michael Anuta, was enrolled at Shipley's

Choice Elementary School ("Shipley"), a public school, from 1995 to 1997. When Michael was

diagnosed as disabled in 1997, AACPS developed an Individualized Education Plan ("IEP") to

address Michael's learning needs. The Anutas decided that the IEP was inadequate and that

Michael would not receive a fair and appropriate public education at Shipley. Plaintiffs then

enrolled Michael at the Summit School, a private school for disabled children.

Under the IDEA, Plaintiffs requested a due process hearing seeking reimbursement of the tuition at the Summit School. Administrative Law Judge ("ALJ") Neile S. Freidman held a hearing on September 22 and October 14, 22, and 23, 1997 during which eight witnesses testified and 57 multi-part exhibits were submitted by the parties. Following the hearing, the ALJ dismissed the Anutas' claim for reimbursement for failure to comply with Md. Educ. Code Ann. § 8-413(i). Md. Educ. Code Ann. § 8-413(i) requires parents seeking reimbursement to give formal written notice of their intentions to the school system. In January 1998, the Anutas filed suit in this Court appealing the decision of the ALJ.[1] Following a conference call with the parties on November 25, 1998, Judge J. Frederick Motz agreed to remand the case to the ALJ to rule on the merits. On December 15, 1999, the ALJ issued a decision holding that the AACPS' IEP designed for Michael complied with the IDEA and Maryland law, and, accordingly, ordered that the Anutas' request for reimbursement be denied.

Subsequently, the Anutas brought this suit, seeking reimbursement for the costs of enrolling Michael at the Summit School beginning in the 1997-98 school year and attorney's fees. The Anutas' complaint advanced four counts under authority of the IDEA, 42 U.S.C. § 1983, section 504 of the Rehabilitation Act and ancillary Maryland law. Count I alleges that the Defendants' failure to provide Michael Anuta with a fair and appropriate public education violates his rights. Count II alleges that the failure of the ALJ to order the School Board to place

---

[1] The Anuta case was consolidated in front of Judge J. Frederick Motz with two other cases concerning Md. Educ. Code. Ann. § 8-413: Carnwath v. Anne Arundel County Public Schools, JFM-97-4100 and Fox v. Montgomery County Public Schools, AMD-98-200.

Michael at the Summit School violates his rights.  Count III alleges that the failure of the School

Board to provide Michael with an adequate due process hearing before the ALJ violates

Michael's rights.   Count IV alleges that the ALJ should have recused herself and heard

additional evidence.

As stated, Counts III and IV essentially press an argument that the ALJ , who on one

occasion in a different case, expressed frustration with Plaintiffs' attorney, Mr. Eig, should have

recused herself.  Counts III and IV also advance the argument that the ALJ, upon remand, should

have heard additional evidence of Michael's progress at the Summit School before ruling on the

merits.  For reasons set forth in an Order dated February 26, 2001, this Court dismissed Counts

III and IV.  Accordingly, this Opinion deals with the remaining counts, I and II.

ANALYSIS

The ALJ issued a well-documented 26-page opinion that carefully analyzes Michael

Anuta's condition and reaches a thoughtful result.  There is no evidence that the ALJ departed

from the normal fact-finding process.  Accordingly, the ALJ's decision is entitled to "prima facie

correctness."  See Doyle v. Arlington County School Bd., 953 F.2d 100, 105 (4th Cir. 1991);

Jones v. Bd. of Educ. of Washington County, 15 F.Supp.2d 783, 785 (D. Md. 1998).

The Anutas fail to present any evidence that the ALJ's decision is incorrect.  Indeed, they

do not specifically criticize her opinion by arguing that it was incorrect on the merits.  Instead,

the Anutas confine themselves to two arguments.  First, the Anutas argue that the ALJ should

have recused herself and heard additional evidence.  Second, the Anutas argue that this Court

must independently (de novo) review the entire administrative record and determine whether

reimbursement is appropriate.

-3-

Plaintiffs first argument (recusal/additional evidence) essentially seeks to relitigate Counts III and IV. In dismissing Counts III and IV by Order dated February 26, 2001, the Court has already determined that the ALJ was not required to recuse herself or hear additional evidence. The Anutas advance no argument that would cause the Court to reconsider the earlier Order, which is hereby incorporated by reference.

Plaintiffs' second argument also fails. The burden of proving that the administrative decision is erroneous rests on the party challenging the decision. See Barnett v. Fairfax County School Bd., 927 F.2d 146, 152 (4th Cir. 1991). Thus, the Anutas have an obligation to point out those parts of the ALJ's decision that are incorrect. They have completely failed to do this. The Anutas have not presented any evidence to overcome the ALJ's findings. It is not the burden of the Court to "comb the record and find some as-yet-unarticulated violation of [Plaintiffs'] rights" or to "scour the record to make the case of a party who does nothing." Jones, 15 F.Supp.2d at 786 (citation omitted). Plaintiffs have not submitted any evidence to establish a genuine issue for trial. Accordingly, the Court will, by separate order, GRANT Defendants' Motion for Summary Judgment and DENY Plaintiffs' Motion for Summary Judgment.

Date: _Feb. 26, 2002_

_Benson Legg_
Benson E. Legg
United States District Judge